1
2
3
4
5              UNITED STATES DISTRICT COURT
6             SOUTHERN DISTRICT OF CALIFORNIA
7

8    UNITED STATES OF AMERICA,          CASE NO.:  20CR2117-WQH

9                    Plaintiff,

10        v.                             **ORDER**

11   CYNTHIA RODRIGUEZ,

12                    Defendant.

13

14   HAYES, Judge,

15        The Matter before the Court is the Motion for Early Termination of
     Supervised Release (ECF No. 64), filed by Defendant Cynthia Rodriguez.

16   **I.    Background**

17        On May 3, 2021, Defendant pled guilty to an Information charging her with
18   Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF
19   No. 47.)

20        On August 2, 2021, the Court sentenced Defendant to 33 months in the
21   custody of the Bureau of Prisons, followed by a four-year term of supervised
22   release. (ECF No. 57; *see also* ECF No. 62 (Judgment).) As recommended by the
23   parties, the Court calculated the Defendant's guideline range before departures or
24   variances to be 51-to-63 months in custody and at least 5 years of supervised
25   release. The Court found the parties' recommended departures to be reasonable and
26   imposed a custodial sentence within the resulting guideline range. As for supervised
27   release, Defendant recommended 3 years while the Government recommended 5
28

years. The Court imposed 4 years of supervised release in part due to Defendant's commission of a new drug trafficking felony while on pretrial release in the above-captioned case. As stated in the Presentence Investigation Report:

> While on supervised release, the defendant was convicted of possession of a controlled substance for sale and sentenced to two years formal probation. This conviction and her continuation in criminal activity resulted in the revocation of her pretrial bond. As such, she has already breached the Court's trust and it draws into question the defendant's likelihood for future recidivism.

(ECF No. 60, ¶ 114.)

On January 9, 2023, Defendant completed her custodial sentence and began her term of supervised release.

## II.    Motion for Early Termination of Supervised Release

On October 3, 2025, Defendant filed the pending Motion for Early Termination of Supervised Release. (ECF No. 64.) Defendant moves the Court to terminate her remaining term of supervised release, asserting that her "progress … has been excellent," including "successfully complet[ing] more than thirty-two months of supervised release" without any violations. *Id*. at 4–5. Defendant asserts that she has consistently maintained a stable residence, employment, and sobriety, and completed a non-residential drug treatment program and cognitive behavioral therapy while in custody. Defendant submits a letter from herself and letters of support from her supervisors at her job, and her two oldest children.

Defendant is being supervised by a Probation Officer in the Central District of California, who informed defense counsel that Defendant was doing "great," although Defendant had a history of substance abuse and mental health issues, and did not have custody of her two youngest children. *Id*. at 4. Defendant asserts that her Probation Officer in the Central District "did not want to take a position on Ms. Rodriguez's request for early termination and said she would defer to the probation

office for the Southern District of California." *Id*. A Supervisory Probation Officer in the Southern District wrote an email opposing early termination, stating:

> Ms. Rodriguez is being supervised in the Central District of CA. Her probation officer there is not in support of early termination at this time.
>
> Their position: Although Ms. Rodriguez has made satisfactory progress and is currently in compliance with supervision conditions, based on the nature and circumstances surrounding the instant offense, her history of child endangerment, mental health concerns, substance abuse, and unresolved child custody issues, continued supervision is recommended to monitor her general stability, full reintegration and safety within the community.

*Id*. at 18.

Defendant responds to the Probation Officer's position as follows:

> [Defendant] has adequately addressed those [substance abuse and mental health] struggles. She completed a non-residential drug treatment program and cognitive behavioral therapy while in custody. Furthermore, she has maintained her sobriety during the entire period of supervised release, as evidenced by her drug tests. She has likely taken over a hundred drug tests during the last 32 months. All of them have been negative and she has not missed any tests. She also successfully completed approximately one and half years of mental health treatment. It is unclear what else Ms. Rodriguez can do to satisfy the probation office's concerns about her past history of substance abuse and mental health struggles.
>
> Although it is accurate that Ms. Rodriguez still has "unresolved child custody issues," that should not be a basis to deny her motion. Ms. Rodriguez is in the process of regaining custody of her two youngest children. She successfully completed a 52-week parenting program and regained visitation rights. It is defense counsel's understanding that the primary barrier to regaining custody is Ms. Rodriguez's current inability to afford a large enough home to accommodate four children. She is working hard to save enough money to rent or buy a larger place. Keeping her on supervised release will not help her save money any faster and does not seem relevant to the child custody issue.

1

2 *Id*. at 5.

3      On October 28, 2025, the Government filed a response stating: "The United

4 States takes no position on Defendant's Motion for Early Termination of

5 Supervised Release (ECF 64) and defers to the Court as to the best course of

6 action." (ECF No. 66 at 1.)

7      On November 5, 2025, Defendant filed a reply in support of her Motion for

8 Early Termination of Supervised Release. (ECF No. 67.)

9 **III.    Ruling of the Court**

10      After considering the relevant factors under 18 U.S.C. 3553(a), a court may

11 terminate a defendant's term of supervised release "if it is satisfied that such action

12 is warranted by the conduct of the defendant released and the interest of justice."

13 18 U.S.C. § 3583(e)(1). The § 3553(a) factors include: (1) the nature and

14 circumstances of the offense and the nature and characteristics of the defendant, *see*

15 § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence,

16 *see* § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public

17 from further crimes by the defendant, *see* § 3553(a)(2)(C); (4) the need for the

18 sentence to provide the defendant with needed educational, vocational, medical, or

19 other correctional treatment, *see* § 3553(a)(2)(D); (5) the kind of sentence and the

20 sentencing range established for the offense in the Sentencing Guidelines, *see* §

21 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing

22 Commission, *see* § 3553(a)(5); and (7) the need to avoid unwarranted sentence

23 disparities, *see* § 3553(a)(6). A defendant has the burden of demonstrating that early

24 termination of supervised release is warranted. *See United States v. Weber*, 451

25 F.3d 552, 559 n.9 (9th Cir. 2006).

26      The Court finds that Defendant's compliance with the terms of supervision,

27 employment, and completion of self-improvement programs—although

28 commendable—are insufficient to warrant early termination of supervised release.

The Court imposed a within-guideline custodial sentence despite Defendant committing another drug trafficking felony while on pretrial release in part because she then would be on a four-year-term of supervised release. The Court determined that the sentence, including the four-year-term of supervised release, was sufficient, but not greater than necessary, in light of "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(6). Defendant asserts that her brother "would … like [Defendant] to be off supervised release before her children move back in with her." (ECF No. 64 at 2–3.) However, Defendant does not explain why this is the case. Defendant otherwise does not indicate why completing her term of supervised release interferes with her plans and goals. The Court agrees with Defendant's Probation Officer that continued supervision is warranted to allow Probation "to monitor [Defendant's] general stability, full reintegration and safety within the community." (ECF No. 64 at 18.) The Court finds that Defendant has failed to show that early termination of supervised release is warranted. *See* 18 U.S.C. § 3583(e)(1).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Early Termination of Supervised Release is denied. (ECF No. 64.)

Dated:  November 24, 2025

Hon. William Q. Hayes
United States District Court